IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROGER HALL | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:17-CV-00147 |
| | § | |
| PURDY BROTHERS TRUCKING, LLC | § | |
| AND FRANKLIN LEE HENDRIX | § | |

## PLAINTIFF'S FIRST AMENDED PETITION AND REQUESTS FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, Plaintiff, Roger Hall ("Plaintiff"), complaining of Purdy Brothers Trucking, LLC ("Defendant Trucking"), Franklin Lee Hendrix ("Defendant Hendrix"), and Blair Logistics LLC ("Defendant Logistics") (collectively as "Defendants"), and for cause of action would respectfully show:

### I.

Plaintiff intends to conduct discovery under Level II, pursuant to 190.3 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.

Plaintiff is a resident of Broward County, Florida. The last three numbers of Plaintiff's Florida driver's license are XXX, and the last three numbers of his social security number are 509.

Defendant, Purdy Brothers Trucking, LLC, is a foreign corporation. This Defendant has been served, answered and before the Court for all purposes.

Defendant, Franklin Lee Hendrix, is a "non-resident" individual. This Defendant has been served, answered and before the Court for all purposes.

Defendant, Blair Logistics LLC, is a foreign corporation. As such, it is a "non-resident" as that term is defined and understood under §17.041 of the Texas Civil Practice and Remedies Code. Accordingly, for purpose of securing service of process on the Defendant, Blair Logistics LLC, the Plaintiff pleads and will prove the following:

   a. The Defendant, Blair Logistics LLC, committed a tort in whole or in part in this state. As such, the Defendant, Blair Logistics LLC, was doing business in this state, as that term is defined and understood under §17.042 of the Texas Civil Practice and Remedies Code;
   b. At the time of the institution of this litigation, the Defendant, Blair Logistics LLC, was a foreign corporation, and as such, is a "non-resident" as that term is defined and understood under § 17.041 of the Texas Civil Practice and Remedies Code; and
   c. At all times material hereto, the Defendant, Blair Logistics LLC, engaged in business in this state, but does not maintain a regular place of business in this state and has not designated or maintained a registered agent for service of process in this state.

Accordingly, pursuant to §17.044 of the Texas Civil Practice and Remedies Code, the Secretary of State of the State of Texas is the agent for service of process on the Defendant, Blair Logistics LLC, and service on the Defendant, Blair Logistics LLC, may be obtained by serving the Secretary of State of the State of Texas at 1019 Brazos Street, Austin, Texas, 78711 in Travis County.

Notice to the Defendant, Blair Logistics LLC, of service of process on the Secretary of State may be made, pursuant to §17.045 of the Texas Civil Practice and Remedies Code, by mailing a copy of the process or notice by registered mail or certified mail, return receipt requested to their <u>registered agent Robert Pike at 1810 Avenue C, Birmingham, Alabama, 35218-1552.</u>

**Plaintiff's First Amended Petition and Requests for Disclosure**

This incident occurred in Bexar County, Texas.

## III.

Damages sought are within the jurisdictional limits of this Court. Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000.

This Court has jurisdiction and venue is proper in Bexar County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County, Texas.

## IV.

On or about October 13, 2015, Plaintiff was parked in a private parking lot in Bexar County, Texas when suddenly, and without warning, Defendant Hendrix attempted to back into a parking spot and struck Plaintiff's vehicle. The vehicle which struck Plaintiff was owned by Defendant Trucking and/or Defendant Logistics and was being operated by Defendant Trucking and/or Defendant Logistics' employee and/or agent Defendant Hendrix. Based on information and belief, at all times material to this lawsuit, Defendant Hendrix was an employee or agent of and engaged in the furtherance of the business of and in the course and scope of employment or agency relationship with Defendant Trucking and/or Defendant Logistics.

As a result of the incident, Plaintiff sustained serious personal injuries.

## V.

On the occasion in question, Defendant Hendrix, violated his duty to exercise ordinary care in the operation of the motor vehicle and was negligent in one or more of the following particulars:

(a) in failing to keep a proper lookout;
(b) in failing to apply or timely apply the brakes;
(c) in failing to yield the right of way;
(d) in failing to maintain an assured clear distance between Defendants' vehicle and Plaintiff's vehicle;
(e) in failing to control the speed of Defendants' vehicle;
(f) in failing to maintain control of Defendants' vehicle; and
(g) in failing to exercise ordinary care as a reasonably prudent person would have done under the same or similar circumstances.

Each of these acts or omissions, singularly or collectively, constituted negligence, which proximately caused the occurrence made the basis of this suit and the resulting injuries and damages to Plaintiff.

## VI.

Defendant Trucking and/or Defendant Logistics and their agents, officers, and employees, for whose acts and omissions constituting negligence and negligence per se, and such acts and omissions, among others, are as follows:

(a) In failing to properly screen, test, and qualify drivers, specifically including Defendant Hendrix, so as to provide for safe operation of a truck such as the one involved in the occurrence in question;
(b) In hiring, employing, and/or retaining drivers, specifically including Defendant Hendrix, who lacked proper screening, testing, training and qualifications so as to provide for safe operation of truck such as the one involved in the occurrence in question;
(c) In failing to properly train and supervise drivers, specifically including Defendant Hendrix, so as to provide for safe operation of truck such as the one involved in the occurrence in question; and
(d) In failing to properly implement and enforce policies, procedures, and protocols to properly screen, test, train, qualify, supervise, and retain drivers to operate trucks such as the one involved in the occurrence in question.

At all times material hereto, all of the agents, servants, and employees for Defendant Trucking and/or Defendant Logistics, including but not limited to Defendant Hendrix, who were connected with the occurrence made the subject of this cause of action were acting within the

course and scope of their employment or agency relationship or official duties and in furtherance of the duties of their employment or agency or office; and these agents, servants, and employees were acting in a managerial capacity or as vice-principals, and the acts committed by them, were authorized, approved, and ratified by Defendant Trucking and/or Defendant Logistics. Thus, Defendant Trucking and/or Defendant Logistics are vicariously liable for the acts and/or omissions of Defendant Hendrix under the doctrine of respondeat superior.

### VII.

All of the facts stated in this pleading are incorporated herein as if fully set forth. The actions, conduct and/or omissions of the Defendant Hendrix were a violation of state law and/or local regulations and/or ordinances and as such constitute negligence per se.

### VIII.

As a direct and proximate result of the aforementioned acts and omissions of negligence by the Defendants, Plaintiff sustained the following damages for which he is legally entitled to recover:

1. Necessary and reasonable medical expenses, past and future;
2. Physical pain and mental anguish, past and future;
3. Physical impairment, past and future;
4. Disfigurement, past and future;
5. Loss of income and reduced wage earning capacity, past and future; and
6. Pre-judgment interest and costs of Court.

### IX.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this request.

### X.

Please take notice that, pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, for purposes of self-authentication, any and all documents produced by Defendants to Plaintiff in response to written discovery will be used against Defendants at any pretrial proceeding or at trial.

## XI.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein; that upon trial hereof, Plaintiff has judgment of the Court against such Defendants in a total amount of money substantially in excess of the minimum jurisdictional limit of this Court, together with prejudgment and post-judgment interest as provided by applicable laws; for all costs of court; and for all such other and further relief, both general and special, legal and equitable, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**THE CRIM LAW FIRM, P.C.**

/s/: *Wade D. Moriarty*

Wade D. Moriarty
Texas Bar No. 00789503
4900 Travis St.
Houston, Texas 77002
(713)-807-7800 Telephone
(713)-807-8434 Facsimile
Wade@TheCrimLawFirm.com

**ATTORNEY FOR PLAINTIFF
ROGER HALL**

## CERTIFICATE OF SERVICE

I hereby certify that, in accordance with the Federal Rules of Civil Procedures, either through the electronic filing system, mail, or by facsimile, a copy of the foregoing document was served on all parties in interest on this the 12th day of October, 2017.

**Counsel for Defendants (*via CM/ECF*)**
**Robert Fuentes**
**The Fuentes Firm**
**5507 Louetta Road, Suite A**
**Houston, Texas 77379**
**email: robert@fuentesfirm.com**

/s/: *Wade D. Moriarty*
Wade D. Moriarty